Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| SALUSTIANO ÁLVAREZ MÉNDEZ Y OTROS<br><br>Recurrida<br><br>v.<br><br>JOSÉ ARTURO ÁLVAREZ GALLARDO Y OTROS<br><br>Peticionaria | TA2026CE00470 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm.:<br>SJ2021CV05977<br><br>Sobre:<br>Sentencia Declaratoria; Nulidad de Fideicomiso; Cumplimiento Específico de Obligaciones Fiduciarias; Daños y Perjuicios por Acciones Antijurídicas |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Mateu Meléndez, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de mayo de 2026.

El 15 de abril del año en curso, Manuel H. Dubón Otero, José Arturo Álvarez Gallardo, Pablo José Álvarez Muñoz, y Carlos Álvarez Méndez (en conjunto los peticionarios) acudieron ante este Tribunal de Apelaciones mediante sus respectivas representaciones legales y sometieron un *Recurso de Certiorari.* En este, nos solicitaron la revisión y revocación de la *Resolución* dictada y notificada el 29 de diciembre de 2025 en la causa de epígrafe. Por virtud del aludido dictamen, el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario) declaró No Ha Lugar la *Moción de Desestimación Parcial* que el Sr. Manuel H. Dubón Otero (señor Dubón) sometió en el caso.

Estudiado el legajo apelativo, por los fundamentos expuestos a continuación, **denegamos** la expedición del auto de *certiorari* solicitado.

**-I-**

Los hechos procesales del pleito tratan sobre los mismos detallados en la *Sentencia* emitida el 13 de marzo de 2026, notificada el día 16 en el recurso TA2026CE00139. Por consiguiente, a continuación, transcribimos e incorporamos los más de relevantes de estos a la presente.

La controversia ante nuestra consideración tuvo su génesis el 17 de agosto de 2024, luego de que el señor Manuel Lecaroz Pasarell (señor Lecaroz Pasarell), la señora Irma Elena Fiol Martínez, la sociedad legal de bienes gananciales compuesta por ambos, los señores Salustiano Álvarez Fiol, Luis Antonio Álvarez Fiol y la señora Irma María Álvarez Fiol (en conjunto, parte recurrida) [1] presentaron una *Tercera Demanda Enmendada* en la causa de epígrafe. [2] En lo atinente, la parte recurrida solicitó que el TPI declarara nulo o anulable el Fideicomiso, constituido en el año 1949 y que ha sido objeto de sendas modificaciones, entre ellas, que se ha extendido su término de expiración original. Asimismo, imputó a la parte peticionaria una serie de actuaciones que, según adujo, menoscaban la esencia del Fideicomiso y benefician indebidamente a ésta. La *Tercera Demanda Enmendada* incluyó dieciséis (16) causas de acción.

Luego de varios trámites procesales que no son necesarios pormenorizar, el 1 de noviembre de 2024, el señor Dubón Otero sometió ante la consideración del TPI una *Moción de Desestimación Parcial*. En su escrito, y tal cual anuncia su título, peticionó al foro primario que desestimara las siguientes nueve (9) causas de acción:

- Quinta causa de acción: *el rechazo de las ofertas de compra de los activos de Méndez & Co., fue ineficaz y debe ser subsanado.*

- Sexta causa de acción: *acción directa bajo la LGC para obtener indemnización como accionistas de Méndez*

- Séptima causa de acción: *daños punitivos*

---

[1] En su capacidad personal y como fideicomitentes y beneficiarios del Fideicomiso de Acciones de Méndez & Co. (Fideicomiso).

[2] SUMAC TPI, Entrada Núm. 182. Cabe destacar que, el 15 de septiembre de 2021, se presentó la *Demanda* original.

- o Octava causa de acción: *impugnación de la designación de los directores de Méndez & Co.*

- o Novena causa de acción: *Declaración de Derechos bajo Contrato de Fideicomiso: Participación por Fiduciario Álvarez Fiol en la Dirección del Negocio de Méndez & Co.*

- o Undécima causa de acción: *Declaración de Derechos Bajo el Contrato de Fideicomiso: Incompatibilidad de la Figura Contributiva de Entidad Conducto con el Contrato de Fideicomiso y Cumplimiento Específico de Contrato*

- o Duodécima causa de acción: *Declaración sobre violación de Obligaciones Fiduciarias y Responsabilidad Civil.*

- o Decimocuarta causa de acción: *Contra la Corporación Méndez & Co. Obligación de hacer*

- o Décimoquinta causa de acción: *Utilización de la Figura de la corporación de manera contraria a la LGC e inhabilitación de demandados para ocupar puestos directivos en la corporación.*

Contra el reclamo de ineficacia del rechazo de las ofertas de compraventa contenido en la quinta causa de acción incluida en la *Tercera Demanda Enmendada*, aseveró que el rechazo aludido se encontraba dentro de las atribuciones legales de los fiduciarios y no implicaba incumplimiento de sus deberes fiduciarios. Por el contrario, aseveró que el rechazo de las ofertas salvaguardó el principio de conservación y representó un compromiso inequívoco de estos hacia los Fideicomitentes. Además, el señor Dubón Otero sostuvo que, conforme al Contrato de Fideicomiso, los fiduciarios solo pueden vender las acciones de Méndez & Co., si cuentan con la aprobación escrita de la mayoría de los fideicomitentes y no están autorizados a vender una fracción menor sin ese consentimiento. En particular, expuso que las alegaciones contenidas en la quinta causa de acción no exponen ningún hecho que contravenga los deberes y las responsabilidades empresariales mencionadas en su escrito, clasificándolas como "alegaciones estereotipadas, especulativas y conclusorias traídas para controvertir la presunción".

Por su parte, frente a la novena y décima cuarta causa de acción,[3] en la *Moción de Desestimación Parcial* el señor Dubón Otero afirmó que el Contrato de Fideicomiso, desde su inicio, permite que los fiduciarios desempeñen funciones como directores, ejecutivos o empleados dentro de Méndez & Co. y sus empresas afiliadas, incluso pudiendo nombrarse a sí mismos, siempre que estén inscritos como accionistas. Además, se indicó que tienen la posibilidad de delegar sus atribuciones y registrar acciones a su nombre o de terceros para cumplir con los requisitos de dichos cargos. Sin embargo, aclaró que ninguna disposición contractual obliga a que los fiduciarios o sus familiares ocupen posiciones en la empresa ni establece asignaciones por vínculos familiares.

Del mismo modo, Dubón Otero reconoció que Salustiano Álvarez Fiol (hijo), en su calidad de fiduciario, tiene derecho a participar en la administración de Méndez & Co. y a ejercer el voto sobre las acciones que posee junto con los demás fiduciarios, conforme a lo estipulado en el Contrato de Fideicomiso. No obstante, subrayó que dichas facultades se ejercen de manera colegiada y están sujetas a decisiones por mayoría. También añadió que, en el año 2020, Salustiano padre se retiró del Fideicomiso y de la Junta, propuso a su hijo como sucesor, lo que no fue aprobado. De igual forma, destacó que Luis Fiol fue destituido por conductas inapropiadas, por lo que las alegaciones de exclusión no tenían sustento legal.

Por otro lado, al solicitar la desestimación de la Duodécima y Decimoquinta causa de acción, en síntesis, Dubón Otero expone que no hay base fáctica para determinar que los demandados han violado su deber de fiducia. También, asevera que si se eliminan las alegaciones conclusorias, especulativas e hipotéticas presentadas en la *Tercera Demanda Enmendada*,

---

[3] Sobre Declaración de Derechos bajo Contrato de Fideicomiso: Participación por Fiduciario Álvarez Fiol en la Dirección del Negocio de Méndez & Co. y Contra la Corporación Méndez & Co. obligación de hacer.

permanece un trasfondo fáctico ordinario en el funcionamiento de una corporación. Según Dubón Otero, las decisiones de las juntas de directores relativas a las compensaciones de los oficiales están protegidas bajo el principio de juicio comercial. Igualmente lo está solicitar asesoramiento legal, pues tal acción está expresamente autorizada por el Contrato de Fideicomiso. Es más, destaca que tal señalamiento fue objeto de una solicitud de descalificación en el caso sobre la que existe una adjudicación en los méritos previo a la presentación de la *Tercera Demanda Enmendada*.

En cuanto al tratamiento contributivo de entidad conducto levantado en la undécima causa de acción de la *Tercera Demanda Enmendada*, Dubón Otero planteó que la estructura contributiva que se utiliza ha generado ahorros significativos a los fideicomitentes al evitar la doble tributación que aplicaría a una corporación tradicional. Por ello, y las demás razones allí consignadas, alega que en la undécima causa no se presentan hechos concretos que demuestren que los demandantes han tenido que pagar contribuciones sin recibir distribuciones, ni se menciona que aprobaron previamente el tratamiento contributivo, el que también está protegido bajo juicio comercial. Por esto, al igual que el resto de las causas de acción impugnadas, debía desestimarse.

A su vez, Dubón Otero argumentó que la parte recurrida no había sufrido daño alguno, debiéndose desestimar la sexta y séptima causa de acción para obtener indemnización como accionistas de Méndez & Co., y daños punitivos. Mientras que, sobre la impugnación de la designación de los directores de dicha entidad incluida como octava causa de acción de la *Tercera Demanda Enmendada*, aseveró que, aunque allí se invocó el Artículo 7.15 de la Ley General de Corporaciones y se solicitó que se declare vacante la Junta de Méndez & Co, la orden judicial que autorizó asistiera con su abogado a la asamblea de accionistas, fue emitida después de la asamblea en cuestión, y no surge de las alegaciones que se hayan dado

irregularidades en asambleas posteriores. También, se señaló que las alegaciones no presentan hechos que demuestren que la falta de información o representación legal afectó el resultado de la elección, ni que el voto de Salustiano Álvarez Fiol fuera decisivo. Por ello, no se justifica la nulidad de la Junta ni la convocatoria de una nueva elección.

El 9 de diciembre de 2024, la parte peticionaria sometió una *Oposición a Moción de Desestimación del Codemandado Dubón (Entrada núm. 233), Solicitud de Desglose Para Que Se Elimine del Expediente Judicial.* Allí, atacó cada uno de los argumentos levantados por Dubón Otero. Particularmente, argumentó que la solicitud de desestimación ignora deliberadamente el mandado de la Regla 10.2(5) de Procedimiento Civil que exige a los tribunales a dar por ciertos todos los hechos bien alegados en la demanda presentada y, por el contrario, pretende que el juzgador de hechos presuma la mendacidad de las alegaciones.

El 17 de diciembre de 2024, los peticionarios y Méndez & Co., anunciaron su intención de replicar la oposición que la parte recurrida sometió frente a la solicitud de desestimación parcial presentada por Dubón Otero.[4] Así lo hicieron el 17 de enero de 2025.[5] Mientras, la parte recurrida sometió dúplica a este último escrito.[6] Atendidos estos escritos, el 29 de diciembre de 2025 el TPI dictó la *Resolución* recurrida. En esta, dictaminó que "en esta etapa de los procedimientos, no procede la desestimación parcial de las causas de acción quinta, octava, novena, undécima, duodécima, décima cuarta y décima quinta esbozadas en la *Tercera Demanda Enmendada* presentada por los demandantes, al amparo de la Regla 10.2 (5) de Procedimiento Civil, *supra*." El foro primario entendió que las alegaciones sometidas por la parte recurrida en el aludido documento eran suficientes para dar por enterada a la parte demandada de la causa de

---

[4] SUMAC TPI, Entrada Núm. 256.
[5] *Íd.,* Entrada Núm. 271.
[6] *Íd.,* Entrada Núm. 282.

acción que se reclamaba en su contra. A su vez, señaló que los anejos que acompañaron el mismo tornaban sustentable el hecho de que la parte peticionaria tuviera derecho a la concesión de un remedio, por lo que se negó a desestimar las causas de acción señaladas mencionadas.

Insatisfechos, los peticionarios instaron *Moción de Reconsideración*. Esta fue declarada No Ha Lugar mediante *Resolución Interlocutoria* del 16 de marzo de 2026. En desacuerdo aun, estos acudieron ante nos mediante el recurso de epígrafe y señalaron la comisión del siguiente error:

> El Tribunal de Primera Instancia cometió error de derecho al denegar la desestimación parcial de la Tercera Demanda Enmendada porque omitió el ejercicio de depuración que exige la Regla 10.2 de Procedimiento Civil, aceptó como hechos bien alegados lo que son conclusiones legales y afirmaciones especulativas, prescindió de aplicar el derecho sustantivo correcto a los actos impugnados, e ignoró si los demandantes tienen derecho a los remedios solicitados bajo cualquier estado de hechos razonablemente demostrable.

Atendido el recurso, el 22 de abril de 2026 dictamos *Resolución* mediante la que le ordenamos a la parte recurrida a comparecer y someter su posición dentro del plazo dispuesto en la Regla 37 de nuestro Reglamento.[7] Tras peticionar y obtener una extensión de término para así hacerlo, el 12 de mayo de este año, la parte recurrida presentó su *Oposición a la Expedición del Auto de Certiorari*. Así pues, con el beneficio de la comparecencia de las partes, damos por sometido el asunto y procedemos a resolver, no sin antes exponer la normativa vigente.

-II-

*A.*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 195 (2023) al citar a *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021) y otros.  La

---

[7] *Reglamento del Tribunal de Apelaciones*, según enmendado, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, 215 DPR __ (2025).

característica distintiva del recurso de *certiorari* descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023) y casos allí citados. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd*. Ahora bien, en los procesos civiles, la expedición del recurso discreción de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V R 52.1. *Allio v. Santiago Chardon,* 2026 TSPR 13, 217 DPR ___ que establece que este se expedirá cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.[8]

De otro lado, el examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. *800 Ponce de León v. AIG*, 205 DPR 163 (2020).  Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*.[9]  Estos criterios, pautan el ejercicio sabio y prudente de

---

[8] Además, y a modo de excepción, podremos revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia, cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

[9] Así pues, según la citada regla, estos indicadores son: si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho; si la situación de hechos planteada es la más indicada para el análisis del problema; si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia; si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados; si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración; si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; o si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.  Véase, Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re. Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR ___ (2025).

la facultad discrecional judicial. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).

Nuestro Más Alto foro ha establecido que como regla general no se interferirá con las facultades discrecionales de los foros primarios, excepto en aquellas circunstancias en las que se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.*, *supra,* a la pág. 210 y casos allí citados. En lo pertinente, se ha definido la discreción judicial como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Íd.¸* al citar a *Bco. Popular de PR v. Mun. de Aguadilla*, 144 DPR 651, 657-658 (1997). Así pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del Derecho. *Íd.*

B.

Nuestro ordenamiento jurídico permite que un demandado solicite la desestimación de la reclamación judicial instada en su contra cuando de las alegaciones de la demanda surja que alguna defensa afirmativa derrotará la pretensión del demandante. *Saint Mary Investments, LLC v. Denton Morales*, 2026 TSPR 35, 217 DPR ___ al citar a *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70, 83 (2023); *Rodríguez Vázquez v. Hospital Español Auxilio Mutuo*, 2025 TSPR 55, 215 DPR ____. Es por esta razón que puede solicitarse la desestimación total de la reclamación al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V R. 10.2. Esto puede hacerse inclusive, antes de contestar la demanda. *Íd.* Conforme la mencionada regla, podrá solicitarse la desestimación de un pleito cuando se alegue**:** (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la

concesión de un remedio, y (6) dejar de acumular una parte indispensable. *Íd.*

En cuanto a la evaluación de un escrito de esta naturaleza, en innumerables ocasiones el Tribunal Supremo de Puerto Rico ha establecido que los tribunales están obligados a tomar como ciertos todos los hechos bien alegados de la demanda y que hayan sido aseverados de manera clara y concluyente. *Díaz Vázquez v. Colón Peña,* 214 DPR 1135 (2024). Entiéndase pues, que al adjudicar una moción de desestimación al amparo de la precitada regla, los foros de instancia están obligados a considerar los hechos bien alegados en la demanda de la forma más favorable a la parte demandante e interpretar las alegaciones de forma conjunta y liberal. *Saint Mary Investments, LLC v. Denton Morales*, *supra.* Ello, con el fin de ponderar si, "a la luz de la situación más favorable al demandante, y resolviendo las dudas a favor de este, la demanda es suficiente para constituir una reclamación válida". *Íd.* Así pues, para que una moción de desestimación pueda prosperar, tiene que demostrarse certeramente que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pueda probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor. *Íd.*, Véase también, *Banco Popular de Puerto Rico v. Cable Media of PR, Inc.,* 2025 TSPR 1, 215 DPR ____; *Díaz Vázquez v. Colón Peña*, *supra* a la pág. 1150; *Inm. Baleares et al v. Benabe et al*, 214 DPR 1109, 1128 (2024).

En ese sentido, la desestimación de la demanda procederá solo si "surge que carece de todo mérito o que la parte demandante no tiene derecho a remedio alguno bajo cualesquiera de los hechos que se puedan probar." *Cruz Pérez v. Roldán Rodríguez, et al*., 206 DPR 261, 267-268 (2021). Siendo así, el tribunal deberá considerar "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida." *Aut. Tierras*

*v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409 (208) al mencionar a *Pressure Vessels PR v. Empire Gas PR*, 137 DPR 497, 505 (1994).

Para que un demandado prevalezca cuando presente una moción de desestimación al amparo de la Regla 10.2(5), *supra,* debe establecer con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pueda probarse en apoyo a su reclamación, aun interpretando la demanda de la forma más liberal posible a su favor. *Costas Elena v. Magic Sport Culinary Corp.,* 213 DPR 523 (2024), al mencionar a *Ortiz Matías et al. v. Mora Dev.,* 187 DPR 649, 654 (2013). Luego de efectuar este análisis, si aun así el tribunal entiende que no se cumple con el estándar de *plausibilidad,* entonces debe desestimar la demanda, pues no puede permitir que proceda una demanda insuficiente en derecho bajo el pretexto de que se podrán probar las alegaciones conclusorias con el descubrimiento de prueba. *Costas Elena v. Magic Sport Culinary Corp.*, *supra* a la pág. 535.

**-III-**

De entrada, advertimos que la cuestión planteada por la parte peticionaria está comprendida dentro de las situaciones que por virtud de excepción este Tribunal de Apelaciones podrá expedir el recurso discrecional del *certiorari.* Esto es así, pues el dictamen interlocutorio recurrido trata sobre la denegatoria de una moción dispositiva.

Tal cual arriba consignamos, la parte peticionaria le imputa al foro primario cometer un error de derecho pues en su evaluación, aceptó como hechos bien alegados lo que son conclusiones legales y afirmaciones especulativas. También le imputa haber prescindido de aplicar el derecho sustantivo correcto a los actos imputados. Así, sostiene que, desde la perspectiva procesal, la *Tercera Demanda Enmendada* no cumple con el estándar de alegación de la Regla 10.2 de Procedimiento Civil, *supra,* pues sus alegaciones centrales son meras conclusiones legales revestidas de

lenguaje fáctico, calificativos retóricos sin sustento concreto, y afirmaciones especulativas sobre motivaciones internas que el tribunal estaba obligado a depurar y excluir del análisis. A su vez, plantea que, en el aspecto sustantivo, aún tomándolas como ciertas, las alegaciones contenidas en las causas de acción de la *Tercera Demanda Enmendada* cuya desestimación peticionó no exponen una reclamación válida. Dicho esto, procede en síntesis a exponer argumentos similares a los levantados ante el foro primario en favor de la desestimación.

La parte recurrida, por su parte, defiende la decisión del TPI de no desestimar las causas de acción según peticionado por el señor Dubón Otero. A tales efectos, plantea que contrario a lo que alega la parte peticionaria, bajo el examen aplicable a una solicitud de desestimación bajo la Regla 10.2 de Procedimiento Civil, *supra,* la desestimación era improcedente, por lo que la decisión recurrida es correcta.

Según arriba relatado, la *Resolución Interlocutoria* recurrida, atiende la petición del señor Dubón Otero en favor de la desestimación de la nueve (9) de las dieciséis (16) causas de acción levantadas en la *Tercera Demanda Enmendada*. Al hacerlo, como también indicamos, el foro primario la declaró No Ha Lugar, pues a su juicio, tal demanda contenía reclamaciones que en su momento podrían ser meritorias de un remedio en ley.

Tras una evaluación pormenorizada del expediente, basándonos en el estándar bajo el cual se analizan las mociones de desestimación bajo la Regla 10.2, no nos parece que el foro primario haya incurrido en un error de derecho o que haya actuado arbitrariamente o en exceso de su discreción al emitir el dictamen recurrido. Por consiguiente, y al amparo de los principios enunciados en la Regla 40 de nuestro Reglamento, *supra,* para la expedición del auto de *certiorari*, no abstenemos de ejercer nuestra función revisora sobre este asunto y escogemos no intervenir con este.

**-IV-**

Por los fundamentos expuestos, denegamos la expedición del auto de *certiorari* solicitado por la parte recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
